■        ERNEST KLEIN, Appellant, v. SPEAR, LEEDS & KELLOGG et al., Respondents, et al., Defendants.— In an action to recover damages, upon four causes of action, plaintiff appeals from (1) an order of the Supreme Court, Kings County, entered April 16, 1970, which (a) denied plaintiff's motion to reargue respondents' prior cross motion to dismiss the third cause of action as against them and to vacate the order of said court dated January 6, 1970, granting said prior cross motion and (b) granted respondents' contemporaneous cross motion to dismiss the action as against them, and (2) the judgment of said court entered April 30, 1970 in favor of respondents upon said order of April 16, 1970. Appeal from so much of the order entered April 16, 1970 as denied plaintiff's motion for reargument dismissed. No appeal lies from an order denying reargument (*Matter of Shore* v. *Zagoren*, 34 A D 2d 977). Order entered April 16, 1970, insofar as it granted respondents' cross motion to dismiss the action as against them, modified by adding thereto a provision permitting plaintiff to serve a verified amended complaint which shall not name as defendants those parties who are no longer in the action by virtue of discontinuance, dismissal or summary judgment. As so modified, order affirmed. Plaintiff's time to serve such amended complaint is hereby limited until 15 days after service of a copy of the order to be made hereon, with notice of entry. Judgment reversed, on the law and the facts, in the event plaintiff serve such verified amended complaint within said limited time, and otherwise affirmed. Respondents are awarded a single bill of $10 costs and disbursements to cover the appeal from both the order and the judgment. In this action Special Term dismissed plaintiff's action in which the complaint originally had set forth four separate causes of action, because of plaintiff's failure to comply with Special Term's directive to serve, within a specified period, a verified amended complaint deleting those parties who were no longer in the action. Plaintiff, appearing *pro se* throughout the action, instead of complying with the court's directive, moved to reargue Special Term's dismissal of his third cause of action with respect to respondents, under the mistaken impression that that motion would automatically stay the court's directive to him to serve such amended complaint. Under the circumstances, we feel that Special Term's action was an improvident exercise of discretion. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.